FILED IN
Court of Appeals

MAR 7 2019

Lisa Matz
Clerk, 5th District

No. 05-18-00868-CV

## IN THE COURT OF APPEALS
## FOR THE FIFTH DISTRICT OF TEXAS

**Brigetta D'Olivio**

Defendant-Appellant

**v.**

**Greg Fox and Laura Fox**,

Plaintiffs-Appellees

On Appeal from the 191st Judicial District Court
Dallas County, Texas
Tr. Ct. No. DC-16-05606

## APPELLANT'S EMERGENCY MOTION TO EXTEND TIME
## TO FILE APPELLANT'S AMENDED BRIEF

**TO THE FIFTH COURT OF APPEALS:**

The undersigned, Brigetta D'Olivio, Appellant Pro Se, files this Emergency

Motion To Extend Time To File Appellant's Amended Brief from March 7, 2019

to March 28, 2019, and would show the Court as follows:

APPELLANT'S EMERGENCY MOTION TO EXTEND TIME TO FILE APPELLANT'S AMENDED BRIEF

1

1.  Pursuant to TRAP 10.3(a)(1) and 10.3(a)(3), Appellant files the within Emergency Motion To Extend Time To File Appellant's Amended Brief.

2.  Pursuant to TRAP 10.5(b)(1)(a), Appellant's Amended Brief is due March 7, 2019.

3.  Pursuant to TRAP 10.5(b)(1)(b), Appellant is seeking an extension to file her Amended Brief on March 28, 2019.

4. This is an appeal from a final judgment after a bench trial in a contract dispute.

5. The bench trial took place on November 21-22, 2017. The Final Judgment, which is dated May 2, 2017, was filed on the Court Portal for the first time on May 7, 2018.

6. On July 30, 2018, Movant filed Notice of Appeal.

7. This is Appellant Pro Se's 2nd request to extend time to file her Amended Brief.

8. A denial of Appellant's within emergency motion to extend time to file Appellant's Amended Brief will cause irreparable harm and prejudice to Appellant.

9. That Appellant files her Emergency Motion To Extend Time To File Appellant's Amended Brief,   not for purposes of delay, but in the interest of justice.

10. There are extraordinary circumstances that have led to the filing of the within emergency motion.

## BACKGROUND

11. On December 17, 2018, Appellant's former attorney, Timothy Hootman, (Hootman),filed Appellant's Brief, despite the fact that Appellant, Hootman and atty Gary Patterson had a pre-scheduled meeting for December 18, 2018, at Hootman's office in Houston, and despite the fact that Appellant had asked Hootman not to file it before said meeting.

12. Said meeting was scheduled for a number of reasons, which included the fact that the trial transcript had been altered, that Hootman had failed to have all of the relevant pleadings/records sent up to the Court of Appeals and that Hootman had failed to address all of the appealable issues in said Brief.

13. On January 14, 2019, Hootman filed an unopposed motion to withdraw as attorney for Appellant.

14. On January 15, 2019, the Court of Appeals granted Hootman's unopposed motion to withdraw.

15. On January 18, 2019, Appellant Pro Se filed Appellant's Amended Motion To Amend Appellant's Brief. Appellees did not respond, despite being served.

16. On January 23, 2019, the Court of Appeals granted Appellant Pro Se's Amended Motion To Amend Appellant's Brief, with a due date of February 21, 2019.

17. On February 12, 2019, Appellant Pro Se filed her first "Motion To Extend Time To File Appellant's Amended Brief". Appellant served Appellees via certified mail. Said certified number was: 70181830000038971882. Appellees did not respond.

18. Appellant's February 12, 2019 Motion To Extend Time To File Appellant's Amended Brief was in reference to the following:

a. Volume 10 of the Reporter's Record ,

- Evidence that had been admitted during the trial was not included in Vol. 10, but was not listed as being *excluded*.

- Evidence that was excluded during trial was included in Vol. 10 as being *admitted*.

- Evidence that was fabricated since the trial had ended was also included in Vol. 10 as being *admitted*.

b. Pleadings/Records that had been previously filed with the Court Clerk for the 191st District Court were missing and/or removed without a Court Order. These pleadings and records are relevant and material to Appellant's Amended Brief.

c. Meeting with District Clerk, Felicia Pitre on January 18, 2019 regarding missing and/or removed pleadings/records filed, and records not previously filed on a certain date suddenly replacing records that were previously filed but

removed wherein, Felicia Pitre stated she would contact IT Department regarding manipulation of filed pleadings/records, etc.

d. Communication with Claudia McCoy who had confirmed on January 7, 2019, that there was no record at the Court of Appeals for Appellant's Supplemental Request For Clerk's Record filed with the Court Clerk on December 31, 2018. That despite said supplemental request having been filed by Hootman on December 31, 2018, said supplemental request was not filed on the Court Portal *until* January 8, 2019. This is further despite the fact that there is now a notation on the Court Portal that said supplemental request for clerk's record was being prepared on *January 4, 2019*.

e. Appellant's Supplemental Request for Clerk Record filed Jan. 16, 2019

- Notation on Court Portal on Jan. 16, 2019 to "Bill Pro Se for this supplement"

- Notation on Court Portal on Jan. 17, 2019 for Clerk's Record Payment Notice

- Correspondence to the Court Clerk on Feb. 12, 2019 for documentation of said payment notice.

f. Appellant's Supplemental Request For Reporter's Record on Jan.16, 2019

- January 18, 2019 voicemail from Melba Wright, Court Reporter for the 191st District Court, regarding one of the requested hearings having already been

transcribed, but which was transcribed incorrectly. Melba Wright stated that she was going to notify the Court of Appeals on how to proceed.

- Feb. 12, 2019 filed Correspondence to Ms. Wright requesting copies of any and all correspondence to the Court of Appeals regarding said incorrect hearing transcript.

g. Appellant's Supplemental Request For Clerk's Record filed Feb. 12, 2019

19. The Court of Appeals granted Appellant Pro Se's first Motion To Extend Time to File Appellant's Amended Brief to March 7, 2019.

20. On February 26, 2019, Appellant filed "Appellant's Motion To Extend Time To File Appellant's Amended Brief". Appellant served Appellees via certified mail. Said certified number was: 70181830000038975668.

21. On February 27, 2019, Appellees filed "Appellees Objection To Motion For Extension Of Time". Appellees, however did not serve Appellant said objection.

22. On March 1, 2019, Appellees then filed "Appellees Amended Objection To Motion For Extension Of Time". Said objection was still in relation to Appellant's February 26, 2019 motion. Appellees again failed to serve Appellant said amended objection.

23. On February 27, 2019, Appellant filed "Appellant's Amended Motion To Extend Time To File Appellant's Amended Brief". Appellant served Appellee via

certified mail. Said certified number was: 70181830000038975682. Appellees did not respond.

24. On March 1, 2019, Appellant filed "Appellant's 2nd Amended Motion To Extend Time To File Appellant's Amended Brief". Appellant served Appellees via certified mail. Said certified number was: 70181830000038975729. Appellees did not respond.

25. On March 4, 2019, Appellant filed "Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief". Appellant served Appellees via certified mail. Included in said service was a letter to the Court of Appeals, dated March 4, 2019. Said letter was also attached as an exhibit in "Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief. Said certified number was: 70181830000038975255.

26. On March 6, 2019, Appellees filed "Appellees Response To Motion For Extension Of Time". Appellees again did not serve Appellant.

27. Said, "Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief" was Appellant Pro Se's second request for extension of time to file her Amended Brief.

28. Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief was filed due to the following extraordinary circumstances:

a. Thirty-eight (38) records that have been previously requested to be sent up to the Court of Appeals have not yet been sent up. All of the clerk's records that have been requested are relevant and material to the issues being raised in Appellant's Amended Brief.

b. There are at least six (6) records that had been previously filed with the Court Clerk for the 191st District Court, which are now missing and/or removed from the Court Portal without a Court Order. Said records are also relevant and material to the issues being addressed in Appellant's Amended Brief. Said records include:

- Defendant's Answer to Motion To Withdraw, filed August 21, 2017
- Defendant's Motion To Exclude Expert Testimony and Report, filed November 20, 2017.
- Notice of Past Due, filed on or about June 6, 2018
- DWOP Notice, which, according to the Court Portal, was mailed to all parties. A hearing for said DWOP was originally scheduled for August 11, 2016, but was then cancelled without any records indicating why it was canceled.
- Order Denying Defendant's Amended Special Exceptions, filed on or about December 22, 2017.

- Order Denying Defendant's Demand For Arbitration, filed on or about December 22, 2017

c. There are missing invoices, improper invoices and invoices not sent to Appellant as it relates to the above-referenced thirty-eight (38) records, which correspond to five (5) supplemental clerk's records requests .Said Supplemental Requests For Clerk's Records were filed on the following dates:

- December 31, 2018, filed by atty Hootman

- January 16, 2019, filed by Appellant Pro Se

- February 12, 2019, filed by Appellant Pro Se

- February 26, 2019 , filed by Appellant Pro Se

- February 27, 2019, filed by Appellant Pro Se

e. One (1) of said five (5) supplemental clerk's records requests was filed under an unrelated cause number. This is despite the fact that said supplemental clerk's records request specifically identified the correct cause number (DC-16-05606). Another supplement request was not filed on the portal despite having been filed, and despite having a file stamp. That said supplemental request was filed only after Appellant asked why it wasn't filed and only after Appellant sent correspondence to Angela Conejo requesting her to locate and file it.

f. The fact that an Invoice, dated February 13, 2019, was received by Appellant, that is not listed on any portal for any date. Said Invoice, dated February 13, 2019

also did not correspond to any of Appellant's above-referenced supplemental request for clerk's records. Multiple requests to District Clerk, Felicia. Pitre, Document production, Lead Clerk, Gay Lane and Transcripts Department, District Deputy Clerk, Angela Conejo for clarification of said invoice have also gone unanswered.

g. Incorrect and altered Reporter's Records, for which two more letters were sent to the Court Reporter for the 191st District Court, Melba Wright, but for which she too has completely failed to respond. Said letters were sent via certified mail. Letter dated February 13, 2018 with Certified Mail tracking number: 7018 1830 0000 3897 1851; letter dated February 28, 2019 with Certified Mail tracking number: 7018 1830 0000 3897 1851. Melba Wright of Wright Reporter's, LLC has failed to respond.

f. Felicia Pitre's failure to respond substantively, and then not at all, to Appellant's repeated requests for clarifications, corrections and invoices that relate to each outstanding supplemental clerk records requests.

g. Since Ms. Pitre failed to cooperate with Appellant's requests for clarification, corrections and correct invoices, Appellant filed correspondence with the Court Clerk of the 191st District Court on February 25, 2019. Since filing said correspondence, references to Appellant's supplemental requests for clerk's records on the court portal have changed.

29. Despite the fact that "Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief" is supported by documented evidence and also conforms to Rules 10.5(b)(1)(c) and 10.3 (a)(1) of TRAP, the Court has not ruled.

30. That in addition to all of the above stated extraordinary circumstances, which are outline above and which continue to persist, Appellant files the within emergency motion pursuant to Rule 10.3(a)(3) of TRAP and does so for the following additional reasons:

a. There are currently two (2) supplemental requests for clerk's records for which an invoice has not been provided to Appellant.

b. The Court Reporter for the 191st District Court, Melba Wirght, continues to fail to respond to Appellant's requests for corrections and other relevant information, which were mailed via certified mail. This is also addressed in "Appellant's Motion To Extend Time To File Appellant's Amended Motion", filed February 12, 2019 and "Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief", filed March 4, 2019.

c. Despite having her requests for clarifications, correct invoices and corrections to the Clerk's Records, in good faith, Appellant has paid the February 25, 2019 invoice. Said Invoice was for $1018.00, and referenced 993 pages. Appellant has paid said invoice, in full. Despite said invoice being $1,018.00 and despite Appellant having paid in full, said corresponding receipt erroneously states that

Appellant has an outstanding balance due, (*Exhibit 1, Invoice, dated February 25, 2019 and Receipt, dated March 6, 2019*).

d. In furtherance of good faith, Appellant has paid, in full, another invoice, dated March 5, 2019. Said invoice was for $59.00, and referenced 34 pages. Despite said invoice being $59.00 and despite Appellant having paid, in full, for said invoice, said corresponding receipt erroneously states that Appellant has a balance due, (*Exhibit 2, Invoice, dated March 5, 2019 and Receipt, dated March 6, 2019*).

e. Despite Appellant having paid, in full, on February 19, 2019, for her February 12, 2019 Supplemental Request For Clerk's Record, there is no indication anywhere on the Court Portal that the Court of Appeals has received, or that a confirmation number has been sent to the Court of Appeals. This is despite the fact, that said invoice was paid sixteen (16) days ago. Said invoice and corresponding receipt are included as an exhibit in "Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief", filed March 4, 2019.

f. On March 6, 2019, Appellant filed correspondence with the Court of Appeals, wherein she addressed the ongoing issue of the thirty-eight (38) records not yet having been sent up to the Court of Appeals, despite having been requested as far back as December 31, 2018; the, at least, six (6) records/pleadings that were previously filed, but that are now are missing and/or have been removed from the Court Portal, etc. (*Exhibit 3, Letter to COA, dated March 6, 2019*).

g. In addition, in said correspondence to the Court of Appeals, dated March 6, 2019, Appellant included copies of said receipts and invoices (Exhibits 1, 2). Said correspondence was also sent to Appellees attorney, David Kleiman via certified mail.

## EXTENDING APPELLANT'S TIME TO FILE APPELLANT'S AMENDED BRIEF WILL NOT CAUSE ANY HARM TO APPELLEES

31. Appellant has never waived her right to be served.

32. Appellees have **not** served Appellant with the following:

a. *"Appellees' Objection To Motion For Extension of Time"*, filed Feb. 27, 2019;

b. *"Appellees' Amended Objection To Motion For Extension of Time"*, filed March 1, 2019;

c. *"Appellees' Response To 3rd Amended Motion For Extension of Time"*, filed March 6, 2019

In his Certificates of Service for each of said the above-referenced objections, Appellees'attorney, David M. Kleiman, (Kleiman) states, in part, *"I hereby certify that a true and correct copy of this document has been served upon Appellant Brigetta D'Olivio via the Court's eFiling service at beautifulhomesbybrigetta@gmail.com, on this ..."*.

33. Said statement in each of said certificates of service by Kleiman is absolutely **false**.

34. Appellant has **never** registered, *nor* has she ever given any person(s), *nor* any entity, the permission to register her as an e-filer with any EFSP, including Texasonline.gov. Appellant does **not** have an e-File account with any EFSP.

35. If Kleiman insists that she does, then *Kleiman* needs to produce the registration, *including from which IP address said registration was made*, because Appellant has never registered, and therefore, nor has she ever provided, nor has she ever given permission to any person(s), nor entity to provide and/or use her email address on *any* EFSP . Having an email address does not constitute registration, nor does it create an account, as an e-filer with any EFSP.

36. Appellant has also **not** been served Appellees' above referenced filings via email, certified, first class or regular mail. Simply filing a document does not constitute service and, therefore, Appellees have not complied with Rule 9.5 of TRAP.

37. It is clear from the absence of response by Appellees to Appellant's prior motions to the Court of Appeals, that Appellees' only reason for filing said objection to "Appellant's 3rd Amended Motion To Extend Time to File Appellant's Amended Brief" was done, *not* for any legitimate purpose, but rather as an attempt to gain a tactical advantage over Appellant by having her file her Amended Brief without the complete, relevant and material records at the Court of Appeals.

38. It is further designed to prevent Appellant from addressing the multitude of appealable issues birthed from the trial court proceedings of the underlying cause number. Appellees are desperate to conceal the fraud they perpetrated, not only on Appellant at the trial level, not only against the Court at the trial level, but also against the Court of Appeals. Appellees know that the records, which Appellant has requested from the Court Clerk, and which are relevant and material to Appellant's Amended Brief will expose the fact that the underlying cause was brought without merit in fact or law, and it will further show that Appellees tainted the record on appeal by fabricating and altering evidence.

39. That the within motion is not brought for the purpose of delay, but in the interest of justice and in contemplation of the avoidance of irreparable harm and prejudice to Appellant.

**WHEREFORE**, Appellant prays that this Court grant, in its entirety, Appellant's Emergency Motion To Extend Time To File Appellant's Amended Brief on March 28, 2019 and for whatever further relief this Court deems fair and just.

Respectfully Submitted,

Brigetta D'Olivio
Appellant Pro Se

3800 Pebblecreek Ct., #120
Plano, TX 75023
214-733-7204

No. 05-18-00868-CV
IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS

---

**Brigetta D'Olivio**
Defendant-Appellant

**v.**

**Greg Fox and Laura Fox**
Plaintiffs-Appellees

---

**On Appeal from the 191ˢᵗ Judicial District Court**
**Dallas County, Texas**
**Tr. Ct. No. DC-16-05606**

**SWORN AFFIDAVIT**

**BEFORE ME,** the undersigned, on this day personally appeared Brigetta D'Olivio. Known to me to be the person whose signature is set forth herein. My name is Brigetta D'Olivio. I am over 18 years of age. I am a resident of Collin County, TX and am fully competent to make this affidavit. I am the Appellant in the above-referenced case (No. 05-18-00868-CV). The facts stated in the foregoing *"Appellant's Emergency Motion To Extend Time To File Appellant's Amended Brief"*, and the facts set forth therein are within my personal knowledge and the same are true and correct.

Brigetta D'Olivio
3800 Pebblecreek Ct. #120
Plano, TX 75023
214-733-7204

**SUBSCRIBED and SWORN** to before me, the undersigned, on this 7th day of March 2019, to certify which witness my hand and seal of office.

**NOTARY PUBLIC**
In and for the State of Texas

RICHARD HERNANDEZ
Notary Public, State of Texas
Comm. Expires 09-20-2020
Notary ID 130829371

APPELLANT'S EMERGENCY MOTION TO EXTEND TIME TO FILE APPELLANT'S AMENDED BRIEF

17

# EXHIBIT 1

**APPELLANT'S EMERGENCY MOTION TO EXTEND TIME TO FILE APPELLANT'S AMENDED BRIEF**

18

# FELICIA PITRE

## DALLAS COUNTY DISTRICT CLERK
*600 Commerce Street, Suite 101*
Dallas, Texas 75202-4604

IN ACCOUNT WITH

DATE: **February 25, 2019**

BRIGETTA D'OLIVIO
3800 PEBBLECREEK CT
PLANO TX  75023

INTERNAL REVENUE SERVICE
IDENTIFICATION NO.: **75-6000905**

Cause No.  **DC-16-05606**

**Style of Case**
**GREG FOXet al**
vs.
**BRIGETTA D'OLIVIO**

| | |
|---|---|
| **Pages: 993** | |
| **Supplemental Clerk's Record Fee-** | $993.00 |
| **Transcript Fee-** | $ 25.00 |
| **Attorney Copy Fee-  N/A** | $   0.00 |
| **Total Fee-** | $1018.00 |

**Supplemental Clerk's Record will be delivered to the Court of Appeals upon payment.** *Please forward payment with invoice in the next 3 business days.*

**Please return a copy of this statement with remittance.**

Thank you.
**GAY LANE**

Cc:
Lisa Matz
Clerk of the Court, Court of Appeals
Fifth District of Texas at Dallas
George L. Allen Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202

# OFFICIAL RECEIPT
## DALLAS COUNTY OFFICIAL RECEIPT FELICIA PITRE, DISTRICT CLERK

Payor
D'OLIVIO, BRIGETTA
3800 PEBBLECREEK CT.
PLANO, TX 75023

Receipt No.
**15104-2019-DCLK**

Transaction Date
03/6/2019

| Description | Amount Paid |
|---|---|
| D'OLIVIO, BRIGETTA | |
| DC-16-05606 | |
| GREG FOXet al vs. BRIGETTA D'OLIVIO | |
| JURY FEE | 7.69 |
| TRANSCRIPT FEE | 77.28 |
| TRANSCRIPT FEE | 191.73 |
| TRANSCRIPT FEE | 700.69 |
| TRANSCRIPT FEE | 40.61 |
| **SUBTOTAL** | 1,018.00 |
| Remaining Balance Due: $461.00 | |

| PAYMENT TOTAL | 1,018.00 |
|---|---|

| CASH Tendered | 1,020.00 |
|---|---|
| Total Tendered | **1,020.00** |
| Change | 2.00 |

| 03/06/2019 | Cashier | Audit | |
|---|---|---|---|
| 12:28 PM | Station DC124 | 62900194 | . |

# OFFICIAL RECEIPT

# EXHIBIT 2

# FELICIA PITRE
## DALLAS COUNTY DISTRICT CLERK
### *600 Commerce Street, Suite 101*
### Dallas, Texas 75202-4604

IN ACCOUNT WITH

DATE: **March 5, 2019**

BRIGETTA D'OLIVIO
3800 PEBBLECREEK CT
PLANO TX  75023

INTERNAL REVENUE SERVICE
IDENTIFICATION NO.: **75-6000905**

Cause No.  DC-16-05606

Style of Case
**GREG FOXet al**
vs.
**BRIGETTA D'OLIVIO**

| | |
|---|---|
| **Pages: 34** | |
| **Supplemental Clerk's Record Fee-** | **$34.00** |
| **Transcript Fee-** | **$25.00** |
| **Attorney Copy Fee-  N/A** | **$   0.00** |
| **Total Fee-** | **$59.00** |

**Supplemental Clerk's Record will be delivered to the Court of Appeals upon payment.** *Please forward payment with invoice in the next 3 business days.*

**Please return a copy of this statement with remittance.**

**Thank you.**
**GAY LANE**

Cc:
Lisa Matz
Clerk of the Court, Court of Appeals
Fifth District of Texas at Dallas
George L. Allen Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202

# OFFICIAL RECEIPT
## DALLAS COUNTY OFFICIAL RECEIPT FELICIA PITRE, DISTRICT CLERK

⁄or
)LIVIO, BRIGETTA
)0 PEBBLECREEK CT.
ANO, TX 75023

Receipt No.
**15105-2019-DCLK**

Transaction Date
03/6/2019

| escription | Amount Paid |
|---|---|
| 'OLIVIO, BRIGETTA | |
| DC-16-05606 | |
| GREG FOXet al vs. BRIGETTA D'OLIVIO | |
| JURY FEE | 0.45 |
| TRANSCRIPT FEE | 4.48 |
| TRANSCRIPT FEE | 11.12 |
| TRANSCRIPT FEE | 40.59 |
| TRANSCRIPT FEE | 2.36 |
| **SUBTOTAL** | **59.00** |
| Remaining Balance Due: $402.00 | |

| | PAYMENT TOTAL | 59.00 |
|---|---|---|
| | CASH Tendered | 60.00 |
| | Total Tendered | 60.00 |
| | Change | 1.00 |

| 03/06/2019 | Cashier | Audit |
|---|---|---|
| 12:32 PM | Station DC124 | 62900207 |

## OFFICIAL RECEIPT

# EXHIBIT 3

**APPELLANT'S EMERGENCY MOTION TO EXTEND TIME TO FILE APPELLANT'S AMENDED BRIEF**
20

**BRIGETTA D'OLIVIO**
**3800 PEBBLECREEK CT. APT. 120**
**PLANO, TX 75023**
**214-733-7204**

LIZA MATZ
Clerk of the Court, Court of Appeals          **DATE: March 6, 2019**
Fifth District of Texas at Dallas
George L. Allen Sr. Courts Building
600 Commerce St., Suite 200
Dallas, Texas 75202

Re: Case No. 05-18-00868-CV (Tr. Ct. No. DC-16-05606)

Style: Brigetta D'Olivio

v. Greg Fox and Laura Fox

Dear Ms. Matz,

Appellant, Brigetta D'Olivio filed on February 26, 2019, her *"Motion To Extend Time"* to file Appellant's Amended Brief.

On March 4th, 2019, Appellant then filed her *"Appellant's 3[rd] Amended Motion To Extend Time To File Appellant's Amended Brief"*.

Appellee's Laura and Greg Fox, through their attorney, David M. Kleiman, have not served the Appellant. As stated in said March 4th, 2019 *"Appellant's 3[rd] Amended Motion To Extend Time To File Appellant's Amended Brief"*, the Certificates of Service filed by attorney Kleiman, are false.

Simply filing the *"Appellee's Objection to Motion For Extension of Time"* and *"Appellee's Amended Objection to Motion For Extension of Time"*, with the 5th Court of Appeals, and stating that he *e-filed* Appellant (Appellant does not have an e-file account nor has Appellant ever registered for an e-file account, nor given anyone nor any entity, the permission to register her as an e-filer on any EFSP) does not constitute service.

Appellant has moved the Court of Appeals through the filed March 4th, 2019, *"Appellant's 3[rd] Amended Motion To Extend Time To File Appellant's Amended Brief"*, for the following reasons (*Appellant's pending Motion details the partial list, listed below*):

1. Thirty-Eight (38) Records that have been previously requested to be sent up to the Court of Appeals, have not been sent up.

2. At least six (6) Records that had been previously filed with the Court Clerk for the 191st District Court (Cause No. DC-16-05606) are now missing and/or have been removed from the Court Portal without a Court Order to do so.
3. There are errors and alterations in the Reporter's Record.
4. There are missing invoices, improper invoices and invoices not sent to Appellant as it relates to the above-referenced thirty-eight (38) records requested
5. The District Clerk's Office and Felicia Pitre have failed to respond to requests made by Appellant in regards to invoices, filings, including Supplemental Requests filed with proper cause number (DC-16-05606) yet, improperly filed on portal by District Clerks under the improper cause number (DC-18-18015)
6. Errors in Master Index of Reporter's Record
7. Manipulation of the Court Portal
8. Etc.,

Appellant, in good faith, has paid the invoice received on March 5th, 2019, (albeit, no reference on invoice indicating what Supplemental Request-file stamped date and time, it pertains to - *Appellant requested in writing for clarification and the District Clerk's Office has failed to communicate and answer Appellants' requests for clarification*) in the amount of $59.00.

Appellant, in good faith has paid an invoice dated February 25, 2019, (albeit, no reference on invoice indicating what Supplemental Request-file stamped date and time, it pertains to- Appellant requested in writing for clarification and the District Clerk's Office has failed to communicate and answer Appellants' requests for clarification) in the amount of $1018.00.

Receipts for invoices, are paid in full and are enclosed in this letter.

Although the invoices received as of March 5th, 2019, are paid in full and paid in good faith, the Records requested by Appellant must be prepared and sent up to the 5th Court of Appeals with *confirmation of such and, with the Appellant requiring time to review the records for accuracy* and completeness. There are invoices for Supplemental Requests for Clerk's Record, not yet received.

The Appellant's Brief is scheduled for March 7, 2019.

The Appellant has shown good cause and believes that in the interest of justice, the *"Appellant's 3rd Amended Motion To Extend Time To File Appellant's Amended Brief"*, be answered and granted.


Respectfully Yours,



Brigetta D'Olivio, Appellant-Pro-Se

# FELICIA PITRE
## DALLAS COUNTY DISTRICT CLERK
### *600 Commerce Street, Suite 101*
### Dallas, Texas 75202-4604

IN ACCOUNT WITH

DATE: **March 5, 2019**

BRIGETTA D'OLIVIO
3800 PEBBLECREEK CT
PLANO TX  75023

INTERNAL REVENUE SERVICE
IDENTIFICATION NO.: **75-6000905**

Cause No.  DC-16-05606

**Style of Case**
**GREG FOXet al**
**vs.**
**BRIGETTA D'OLIVIO**

---

**Pages: 34**
**Supplemental Clerk's Record Fee-**          $34.00
**Transcript Fee-**                           $25.00
**Attorney Copy Fee-  N/A**                   $   0.00
                                              _____
**Total Fee-**                                $59.00

**Supplemental Clerk's Record will be delivered to the Court of Appeals upon payment.**
*Please forward payment with invoice in the next 3 business days.*

**Please return a copy of this statement with remittance.**

**Thank you.**
**GAY LANE**

Cc:
Lisa Matz
Clerk of the Court, Court of Appeals
Fifth District of Texas at Dallas
George L. Allen Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202

# OFFICIAL RECEIPT
## DALLAS COUNTY OFFICIAL RECEIPT FELICIA PITRE, DISTRICT CLERK

for
OLIVIO, BRIGETTA
00 PEBBLECREEK CT.
ANO, TX 75023

Receipt No.
**15105-2019-DCLK**

Transaction Date
03/6/2019

| escription | Amount Paid |
|---|---|
| OLIVIO, BRIGETTA | |
| DC-16-05606 | |
| GREG FOXet al vs. BRIGETTA D'OLIVIO | |
| JURY FEE | 0.45 |
| TRANSCRIPT FEE | 4.48 |
| TRANSCRIPT FEE | 11.12 |
| TRANSCRIPT FEE | 40.59 |
| TRANSCRIPT FEE | 2.36 |
| **SUBTOTAL** | **59.00** |
| Remaining Balance Due: $402.00 | |

| | |
|---|---|
| **PAYMENT TOTAL** | **59.00** |

| | |
|---|---|
| CASH Tendered | 60.00 |
| Total Tendered | **60.00** |
| Change | 1.00 |

| 03/06/2019 | Cashier | Audit |
|---|---|---|
| 12:32 PM | Station DC124 | 62900207 |

## OFFICIAL RECEIPT

# FELICIA PITRE
## DALLAS COUNTY DISTRICT CLERK
### 600 Commerce Street, Suite 101
### Dallas, Texas 75202-4604

IN ACCOUNT WITH

DATE: **February 25, 2019**

BRIGETTA D'OLIVIO
3800 PEBBLECREEK CT
PLANO TX  75023

INTERNAL REVENUE SERVICE
IDENTIFICATION NO.: **75-6000905**

Cause No.  DC-16-05606

Style of Case
**GREG FOXet al**
vs.
**BRIGETTA D'OLIVIO**

| | |
|---|---|
| Pages: 993 | |
| Supplemental Clerk's Record Fee- | $993.00 |
| Transcript Fee- | $ 25.00 |
| Attorney Copy Fee-  N/A | $  0.00 |
| Total Fee- | $1018.00 |

Supplemental Clerk's Record will be delivered to the Court of Appeals upon payment. *Please forward payment with invoice in the next 3 business days.*

**Please return a copy of this statement with remittance.**

Thank you.
**GAY LANE**

Cc:
Lisa Matz
Clerk of the Court, Court of Appeals
Fifth District of Texas at Dallas
George L. Allen Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202

# OFFICIAL RECEIPT
## DALLAS COUNTY OFFICIAL RECEIPT FELICIA PITRE, DISTRICT CLERK

Payor
D'OLIVIO, BRIGETTA
3800 PEBBLECREEK CT.
PLANO, TX 75023

Receipt No.
**15104-2019-DCLK**

Transaction Date
03/6/2019

| Description | Amount Paid |
|---|---|

D'OLIVIO, BRIGETTA
    DC-16-05606
        GREG FOXet al vs. BRIGETTA D'OLIVIO

| Description | Amount Paid |
|---|---|
| JURY FEE | 7.69 |
| TRANSCRIPT FEE | 77.28 |
| TRANSCRIPT FEE | 191.73 |
| TRANSCRIPT FEE | 700.69 |
| TRANSCRIPT FEE | 40.61 |
| **SUBTOTAL** | **1,018.00** |

Remaining Balance Due: $461.00

| | |
|---|---|
| **PAYMENT TOTAL** | **1,018.00** |

| | |
|---|---|
| CASH Tendered | 1,020.00 |
| Total Tendered | 1,020.00 |
| Change | 2.00 |

| | | | |
|---|---|---|---|
| 03/06/2019 | Cashier | Audit | |
| 12:28 PM | Station DC124 | 62900194 | |

## OFFICIAL RECEIPT

## No. 05-18-00868
## IN THE COURT OF APPEALS
## FOR THE FIFTH DISTRICT OF TEXAS

---

**Brigetta D'Olivio**
Defendant-Appellant

v.

**Greg Fox and Laura Fox**
Plaintiff-Appellee

---

On Appeal from the 191st Judicial District Court
Dallas County, Texas
Tr. Ct. No. DC-16-05606

---

### CERTIFICATE OF SERVICE

I, Brigetta D'Olivio, Appellant in the above-caption case, do certify that on the

7th day of March 2019, I served David M. Kleiman, who is the attorney for

Appellees Greg Fox and Laura Fox, the within *"Appellant's Emergency Motion*

*To Extend Time To File Appellant's Amended Brief"*, dated March 7, 2019. Said

service was made via certified mail service, cc #, 7018 1830 0000 3897 5279

at the last known address for David M. Kleiman:

Vincent Serafino Geary Waddell Jenevein Law Firm

David M. Kleiman

1601 Elm St. Suite 4100 Dallas,

TX 75201.

Brigetta D'Olivio, Appellant
3800 Pebblecreek Ct, #120
Plano, TX 75023
214-733-7204
beautifulhomesbybrigetta@gmail.com